```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROGELIO ANDRADE,

                        Plaintiff,

            -against-                                         REPORT AND
                                                              RECOMMENDATION
A TO Z HARDWARE, INC. and ABDO                                22 CV 7304 (ARR) (CLP)
ALSAIDA,

                        Defendants.
-----------------------------------------------------------X
```
**POLLAK**, United States Magistrate Judge:

On December 1, 2022, plaintiff Rogelio Andrade ("Mr. Andrade" or "plaintiff") commenced this action against defendants A to Z Hardware, Inc. ("A to Z Hardware"), and Abdo Alsaida ("Alsaida") (collectively with A to Z Hardware, the "defendants"), seeking unpaid overtime and minimum wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") §§ 190, et seq. and §§ 650, et seq., and related regulations, 12 N.Y.C.R.R. § 142-2.4. (See Compl.[1] ¶ 6). Default was entered against defendant Alsaida on February 27, 2023, after he failed to answer or otherwise respond to the Complaint. (ECF No. 10). Thereafter, on March 21, 2023, plaintiff filed a motion for entry of a default judgment against defendant Alsaida (the "Motion") (ECF No. 11).

The Motion was referred to the undersigned by the Honorable Allyne R. Ross, United States District Judge (Electronic Order, dated March 21, 2023), and on February 5, 2024, this Court issued a Report and Recommendation, recommending that the Motion be denied with prejudice as to certain claims, and without prejudice as to all others. (R&R at 20).[2] The Court

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed December 1, 2022. (ECF No. 1).
[2] Specifically, the Court recommended that the district court (1) "[d]eny the Motion *with prejudice* as to plaintiff's FLSA minimum wage claims in their entirety and plaintiff's NYLL minimum wage claims for the period December 1, 2016, to December 30, 2017, and dismiss those claims pursuant to Rule 12(b)(6)," and (2) "[d]eny the

1

further recommended that, with respect to the remaining claims, plaintiff be granted leave to file an amended motion for default judgment addressing the various issues identified in the Report and Recommendation.  (Id.)

On February 20, 2024, plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, in which plaintiff "elect[ed] to voluntarily dismiss and discontinue the First Cause of Action set forth in the Complaint."  (ECF No. 16). That same day, the district court adopted this Court's Report and Recommendation in its entirety. (ECF No. 17).  On February 27, 2024, plaintiff Andrade filed an Amended Motion for Default Judgment (the "Amended Motion") (ECF No. 18), accompanied by a Memorandum of Law in Support of Plaintiff's Amended Motion for Default Judgment (ECF No. 18-1); the Declaration of Rogelio Andrade in Support of Entry of Default Judgment (ECF No. 18-2); and the Affidavit of Lina Stillman, Esq. in Support of Entry of Default Judgment, filed February 27, 2024 (ECF No. 18-3).[3]  On February 28, 2024, the Amended Motion was referred to the undersigned for a Report and Recommendation.

On July 26, 2024, the Court ordered plaintiff to show cause why, following the voluntary dismissal of plaintiff's remaining federal law claims, the Court should not recommend that the case be dismissed in its entirety for lack of subject matter jurisdiction.  (ECF No. 21).  On August 9, 2024, plaintiff filed a letter explaining that the voluntary dismissal of plaintiff's viable FLSA overtime claims was an error and requesting that both plaintiff's federal law minimum wage and overtime claims be reinstated.  (ECF No. 22 at 1–2).  The Court issues this Report and Recommendation in response to said letter.

---

Motion *without prejudice* as to plaintiff's remaining claims, and permit plaintiff to file an amended motion for default and revised supporting papers that address the various issues in the manner identified [in the Report and Recommendation]."  (R&R at 20)

[3] On June 6, 2024, plaintiff filed proof of service of the Amended Motion on defendant.  (ECF No. 20).

DISCUSSION

I. Reinstatement of Plaintiff's Claims

First, the Court addresses plaintiff's request to "rescind" his voluntary dismissal of his FLSA overtime claim. (ECF No. 22 at 2). As noted above, plaintiff voluntarily dismissed his FLSA claims pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which states that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "[A] voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute." Samake v. Thunder Lube, Inc., 24 F.4th 804, 809 n.3 (2d Cir. 2022) (citing Thorp v. Scarne, 599 F.2d 1169, 1171 n.1. (2d Cir. 1979)). Although the Second Circuit recently held that "the FLSA limits the automatic operation of Rule 41(a)(1)(A)(i), which concerns unilateral dismissals, as well as (ii), which concerns stipulated dismissals," that decision involved a situation plainly not relevant here—namely, when the court enters an order retaining jurisdiction over the relevant FLSA claims "to inquire whether the parties had reached a settlement necessitating Cheeks review." Id. at 807. Here, because there is no suggestion of a possible settlement and the district court did not enter an order retaining jurisdiction, the Court concludes that plaintiff's voluntary dismissal of his FLSA overtime claim was effective automatically.

That being the case, the inherent problem in plaintiff's request is that he is asking the district court to revive his previously dismissed claims by fiat. This Court is not aware of any procedural mechanism that would permit such a reinstatement, and plaintiff does not provide any caselaw or other authority in support of such a request. It thus appears that there simply is no permissible means for the district court to provide plaintiff with the relief that he seeks. See Alix v. McKinsey & Co., 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020) (holding that order vacating

3

voluntary dismissal was "void *ab initio*" because "[n]otices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(A)(i) are not subject to vacatur except in certain rare circumstances . . ." (quotation marks and citations omitted)).

However, given that plaintiff has expressed a desire to continue with his FLSA overtime claim, and given that said claim was voluntarily dismissed *without* prejudice, see Fed. R. Civ. P. 41(a)(1)(B), the Court concludes that the prudent course of action is for plaintiff to amend his Complaint and re-plead the FLSA overtime claim, at which point he may once again seek default against the defendants should they fail to answer the Amended Complaint. Therefore, rather than addressing whether the district court should exercise subject matter jurisdiction over the remaining state law claims, the Court recommends that (1) plaintiff be granted leave to file an Amended Complaint re-alleging his FLSA overtime claim, along with any available state law claims; (2) the existing certificate of default against the defendants be vacated; and (3) plaintiff's pending motion for default judgment be denied as moot, without prejudice to renew if, after the Amended Complaint has been served on defendants, they once again fail to appear or respond and a new certificate of default is entered.

II. Plaintiff's FLSA Minimum Wage Claims

Second, plaintiff also requests that he be permitted to continue with his FLSA minimum wage claim. (ECF No. 22). Citing the FLSA's "savings clause" and a few cases from within this Circuit, plaintiff argues that an employer's failure to pay the state minimum wage constitutes "a viable FLSA minimum wage claim." (Id. at 3). The Court disagrees.

To start, the cited cases do not support plaintiff's own argument. One such case involved an employee who was paid less than the $7.25 per hour minimum wage set by the FLSA. See De Jesus v. Sea Crest Diner-Rest., 17 CV 275, 2018 WL 3742778 (E.D.N.Y. Dec. 6, 2018). In other cases that plaintiff cites, the plaintiff was paid more than the FLSA minimum wage, and

4

the Court simply applied the higher wage set by the NYLL to find the defendants liable under state law without commenting on whether the defendant was also liable under the FLSA. See Inga v. Nesama Food Corp., No. 20 CV 909, 2021 WL 3624666, at *9 (S.D.N.Y. July 30, 2021), report and recommendation adopted, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021); Lopez v. Emerald Staffing, Inc., No. 18 CV 2788, 2020 WL 915821, at *8–9 (S.D.N.Y. Feb. 26, 2020). In yet another case, there were no FLSA minimum wage claims at all. See Walsh v. Dependable Care LLC, No. 19 CV 1081, 2022 WL 4301033 (E.D.N.Y. Aug. 1, 2022).

Moreover, the provision of the FLSA that plaintiff invokes reads: "No provision of [the FLSA] shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under [the FLSA]." 29 U.S.C. § 218(a). This is an ordinary savings clause, designed to avoid the preemption of state statutes that regulate the same conduct covered by the FLSA. Gunthorpes v. IM. Grp., LLC, No. 21 CV 5140, 2024 WL 2031191, at *5 (E.D.N.Y. Apr. 11, 2024) (stating that "[t]he federal minimum wage does not preempt the state minimum wage . . . and a plaintiff may recover under whichever statute provides the highest measure of damages" (quoting Cabrera v. Canela, 412 F. Supp. 3d 167, 181 (E.D.N.Y. 2019))), report and recommendation adopted, 2024 WL 2022688 (E.D.N.Y. May 7, 2024) (Ross, J.); see also Fisher v. BAE Sys. Tech. Sols. & Servs. Inc., No. 23 CV 225, 2024 WL 3455003, at *11 (D. Md. July 17, 2024) (noting that "[t]he FLSA typically does not preempt state labor laws that are more protective of employees" because the FLSA's savings clause "permits states or municipalities to enact laws that provide additional protections for employees beyond the minimum requirements established by [the] FLSA" (quoting Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 671 (D. Md. 2011))). The fact that the FLSA does not preempt state minimum wage laws does not, however, mean that the FLSA creates a federal

cause of action to enforce state minimum wage laws. Plaintiff does not cite any authority suggesting otherwise, nor is this Court aware of any.

Finally, and in any event, this Court previously recommended that the district court dismiss plaintiff's minimum wage claims under the FLSA with prejudice because plaintiff had not alleged that he was ever paid below the minimum wage. (R&R at 11–12). Plaintiff could have challenged the Court's recommendation by filing an objection. He did not avail himself of that opportunity, and on February 20, 2024, the district court adopted the Report and Recommendation in its entirety. (ECF No. 17). Accordingly, plaintiff's FLSA minimum wage claims have already been dismissed with prejudice and cannot freely be renewed. (ECF No. 17 at 1).

In light of the above, to the extent that plaintiff is granted leave to file an amended complaint, the Court also recommends that said leave be limited to reinstating plaintiff's FLSA overtime claims and maintaining his existing state law claims.[4] In other words, this Court recommends that plaintiff not be permitted to renew his FLSA minimum wage claims in the absence of allegations that plaintiff was paid below the federal minimum wage at any point during the relevant statutory period. Furthermore, the Court recommends that plaintiff not be permitted to replead his NYLL minimum wage claims for the period of December 1, 2016, to December 30, 2017, as those claims have also been dismissed with prejudice. (R&R at 13–14; ECF No. 17 at 1–2).

---

[4] Plaintiff is reminded that, as set forth in the Court's prior Report and Recommendation, the Wage Theft Prevention Act ("WTPA") claims as stated in the Complaint are jurisdictionally deficient for failure to plead a concrete injury stemming from defendants' alleged statutory violations. (R&R at 15–16 (citing cases)). Thus, should plaintiff wish to continue with his WTPA claims moving forward, he should amend his pleadings with respect to such claims accordingly.

6

CONCLUSION

For the reasons set forth above, the Court respectfully recommends: (1) that plaintiff be granted leave to file an Amended Complaint repleading only his FLSA overtime claims and any existing state law claims; (2) that the existing certificate of default against the defendants be vacated; and (3) that plaintiff's pending motion for default judgment be denied as moot, without prejudice to renew if, after the amended complaint has been served on defendants, they once again fail to appear or respond and a new certificate of default is entered.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to serve defendants with a copy of this Report and Recommendation promptly by certified mail, return receipt requested, and to provide the Court with proof of service immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
August 17, 2024

_Cheryl L. Pollak_
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York